```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOMINGO GARCIA                    :      CIVIL ACTION
                                  :
        v.                        :
                                  :
MICHAEL J. ASTRUE                 :      NO. 08-1914
```

ORDER

AND NOW, this 28th day of April, 2009, upon consideration of plaintiff's statement of issues and brief in support of his request for review (docket entry # 13), defendant's response thereto (docket entry # 14), plaintiff's reply (docket entry # 16), the Honorable Linda K. Caracappa's Report and Recommendation (docket entry # 18), plaintiff's objections to the Report (docket entry # 19), and defendant's response thereto (docket entry # 20), and the Court finding that:

(a) In his objections to Judge Caracappa's Report and Recommendation, Garcia contends that (1) the Administrative Law Judge ("ALJ") should have categorized his past relevant work as a "composite job," rather than "bonder/automobile breaks" as defined in the Dictionary of Occupational Titles ("DOT"); and (2) "the ALJ's decision is not supported by substantial evidence," Pl. Obj. at 4;

     (b)  To categorize a claimant's past relevant work, an ALJ may use information from the DOT, testimony from a vocational expert, and other resources, 20 C.F.R. § 404.1560(b)(2);

     (c)  In support of his claim that his past work was a composite job, Garcia cites Social Security Ruling 82-61, in which the Social Security Administration "warned adjudicators" against using "generic occupational classification[s]," such as "delivery jobs, or packing jobs," Pl. Obj. at 2 (internal quotations omitted);

     (d)  But "bonder/automobile breaks," as defined in the DOT,[1] is a specific category, not a "generic occupational classification";

---

[1] The DOT describes a "bonder, automobile breaks" as follows:
> Tends machines that apply adhesive and bond asbestos lining to automobile brakeshoes for installation by BRAKE REPAIRER (automotive ser.): Selects stock lining to fit brakeshoes removed from vehicle. Feeds lining between rollers of machine that applies bonding adhesive. Secures brakeshoes in bonding press after adhesive has set. Positions coated lining on shoe and locks press. Moves lever to activate press that heats and bonds lining to shoe and automatically releases after specified time. Removes bonded shoe from press, using asbestos gloves. May rivet linings to brakeshoes and be designated Riveter, Automobile Brakes (automotive ser.).

DOT at § 620.685-010.

(e) Garcia claims that his past relevant work was a "composite job" because it required him to regularly lift heavy drums, and heavy lifting is not included in the DOT definition;

(f) But in the same Ruling that Garcia cited as a "warn[ing to] adjudicators," the Social Security Administration explained that:

> A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

Social Security Ruling 82-61;

(g) Based on substantial evidence, the ALJ found that as generally performed in the national economy, a "bonder/automobile breaks" does "light duty" work and that Garcia could do his job as it was generally performed, even if he could no longer do the heavy lifting that his past relevant work actually required,[2] see 20 C.F.R. § 416.960(b)(2);

---

[2] Given the context of the ALJ's Decision, we agree with the assumption of both parties and Judge Caracappa that the ALJ made a typographical error on page 9 of her Decision and that she intended to find that Garcia "can perform his past relevant
(continued...)

        (h)   The ALJ based her finding that Garcia could do "light duty" work on substantial evidence, including Garcia's testimony and medical records and evaluations;

        (i)   In his objections, Garcia does not point to specific evidence or support for his broad contention that "the ALJ's decision is not supported by substantial evidence," Pl. Obj. at 4;

        (j)   In addition to the two objections we identified in paragraph (a), Garcia "rel[ies] on his brief (Docket Document #13)," Pl. Obj. at 1;

        (k)   To the extent that Garcia raises arguments from his brief that he did not specifically identify as objections, we agree with Judge Caracappa's resolution of those issues in her Report and Recommendation;

        (l)   After independently reviewing the record, we agree, without reservation, with Judge Caracappa's evaluation of the evidence and her conclusion that the ALJ considered the relevant evidence and that substantial evidence supports the ALJ's decision;

---

[2] (...continued)
work, as it was [generally] performed," rather than "as it was actually performed."

It is hereby ORDERED that:

1. Plaintiff's objections are OVERRULED;

2. Judge Caracappa's Report and Recommendation is APPROVED and ADOPTED;

3. Plaintiff's motion for summary judgment is DENIED;

4. Defendant's motion for summary judgment is GRANTED; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.